CHARLOTTE THON, Respondent, *v.* ROCHESTER RAILWAY COMPANY, Appellant.*

*Words in a foreign language proved as an admission made by the adverse party — testimony as to their meaning by the counsel of such party — contradiction thereof — credibility of the counsel.*

Upon the trial of an action brought to recover damages arising from personal injuries alleged to have been caused by the defendant's negligence, one Wolff, a witness for the defense, testified that the plaintiff told him in effect that the accident, by reason of which she sustained the injuries complained of, was caused by her stepping from the defendant's car while it was in motion.

On the cross-examination of this witness it appeared that the statement made to him by the plaintiff was in the German language, and, being asked to repeat it in German, in response to a direction of the court, the witness gave what he declared to be in substance, as nearly as he could reproduce it, the statement of the plaintiff as made by her in German. This testimony in German the stenographer was unable to take down. Subsequently the plaintiff called to the stand one of her counsel, a competent German and English scholar, who testified that he took down in writing, *verbatim*, the German words which the witness Wolff, by his testimony, attributed to the plaintiff in the conversation testified to by him. The words so taken by such counsel for the plaintiff were submitted to the witness Wolff, and he identified them as the German words used by the plaintiff, as nearly as he could recollect them.

The plaintiff thereupon offered to prove by such counsel what the meaning of these words was when correctly translated into English. The offer was excluded under the defendant's objection and the plaintiff excepted.

---

* Decided October term, 1894, but held to await the decision on a motion for reargument, which was denied at the present term.

*Held,* that the testimony offered was competent and admissible in evidence, and that because of the error of the court in excluding the same, a motion for a new trial of the action was properly granted;

That a proposal of the court to permit the witness Wolff to be recalled and to be again asked for a German version of the plaintiff's testimony, to be translated to the jury, did not meet the situation ;

That all the evidence proposed to be given by the plaintiff's counsel was subject to contradiction, by the witness Wolff as to the identity of the German words testified to by him, and by Wolff, or by any other competent witness, as to the correctness of their translation, and should have been admitted.

That the position occupied by the witness as counsel for the plaintiff affected only the credibility of his testimony.

LEWIS, J., dissenting.

APPEAL by the defendant, the Rochester Railway Company, from an order of the Supreme Court, made at the Monroe Special Term and entered in the office of the clerk of the county of Monroe on the 18th day of September, 1893, granting the plaintiff's motion, made upon the minutes, for a new trial.

*C. J. Bissell,* for the appellant.

*Ivan Powers,* for the respondent.

DWIGHT, P. J. :

The action was to recover damages for a bodily injury caused, as alleged, by negligence of a driver of a horse car of the defendant upon which the plaintiff was a passenger and from which she was alighting when the injury was received.

One Wolff, a witness for the defense, testified that the plaintiff, relating to him the circumstances of the accident soon after its occurrence, told him, in effect, that in her haste to reach another car, at the junction of the two routes, she stepped from the car she was on while it was in motion and thus fell to the ground ; that she had rung the bell once or twice for the car to stop, and that she did not know it was not allowed to stop on the intersection of the two streets. On the cross-examination of this witness it appeared that the statement made to him by the plaintiff was in the German language, and he was asked to repeat it in German. After protesting, more than once, that he could not give the words of the plaintiff, he finally, in response to a direction of the court, gave what he declared to be, in substance, as nearly as he could reproduce it, the statement

of the plaintiff as made by her in German, which testimony, in German, the stenographer was unable to take. Subsequently, when the plaintiff had the case, to reply, she called to the stand one of her counsel, Mr. Jacob Spahn, a competent German and English scholar, who testified that he took down in writing, *verbatim*, the German words which the witness Wolff, by his testimony, attributed to the plaintiff in the conversation testified to by him. The words so taken by Mr. Spahn were submitted to the witness Wolff and he identified them as the German words used by the plaintiff, as nearly as he could recollect them. The plaintiff thereupon offered to prove by Mr. Spahn what the meaning of those words was when correctly translated into English. The evidence offered was excluded under the defendant's objection, and plaintiff's exception to this ruling was the ground upon which the learned judge at the Circuit granted the motion for a new trial. We think the evidence offered was competent and admissible, and that for the error of its exclusion the motion for a new trial was properly granted.

The situation was one which did not call for an interpreter, but for a translator, and for that purpose Mr. Spahn was competent both as a witness and as a German and English scholar; his position as counsel for the plaintiff went only to his credibility. He was presumably the only person connected with the case who was at the same time interested and competent to recognize and identify with accuracy the German words which the witness Wolff attributed to the plaintiff. This he testified he did, and reduced them to writing as they were spoken by the witness, and he produced them before the court. Those words, when thus secured and identified, were a part of the evidence in the case, and, being such, it was necessary that they should be translated into English. The proposal of the court to permit the witness Wolff to be recalled and to be again asked for a German version of the statement of the plaintiff, and to permit that portion of his testimony to be interpreted to the jury, did not quite meet the situation. The witness had once given his version of the plaintiff's statement in German; the words had been taken down and preserved; they were a part of the evidence already given in the case; it only remained to have them translated in order that the plaintiff should have the benefit of the evidence if it should prove to be beneficial to her.

Of course all the evidence thus given, and proposed to be given, by the witness Spahn was subject to contradiction, by the witness Wolff as to the identity of the German words testified to by him, and by Wolff, or any other competent witness, as to the correctness of their translation. But that the plaintiff had a right that the jury should know what the testimony was when first given, and what was the meaning of the German words then testified to, we cannot doubt. The testimony excluded related to an alleged admission of the plaintiff closely affecting her cause of action, and it is impossible to say that its exclusion was not to the prejudice of the plaintiff.

The order for a new trial should be affirmed.

HAIGHT, J., concurred; LEWIS, J., dissented; BRADLEY, J., not sitting.

Order appealed from affirmed, with costs of this appeal to the plaintiff to abide the event.